# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| **In re:**<br><br>**Cheyenne Benjamin,**<br>    Debtor.<br><br>**U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust,**<br>    Movant,<br><br>v.<br><br>**Cheyenne Benjamin,**<br>    Debtor/Respondent,<br><br>**Kenneth E. West, Esquire,**<br>    Trustee/Respondent. | **Bankruptcy No. 22-12795-elf**<br><br>**Chapter 13**<br><br>**Hearing Date: February 14, 2023**<br>**Hearing Time: 9:30AM**<br>**Location: Courtroom No. 1**<br>**900 Market Street, Suite 201**<br>**Philadelphia, PA 19107** |

### MOTION OF US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUSTFOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST TO FORECLOSE ON 6629 N. GRATZ ST., PHILADELPHIA, PA 19126

Secured Creditor, U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor, Cheyenne Benjamin filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on October 19, 2022.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. §

1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On June 21, 2007, Cheyenne D. Lipsey executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $80,000.00 to JPMorgan Chase Bank, N.A. A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on June 28, 2007 as Document Number 51722799 of the Public Records of the City of Philadelphia, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the Property located at 6629 N. Gratz St., Philadelphia, Pennsylvania 19126, ("the Property").

6. A loan modification was entered into on October 25, 2016, creating a new principal balance of $76,838.87. A true and correct copy of the Agreement is attached hereto as Exhibit "C".

7. The loan was lastly assigned to U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust and same was recorded with the Philadelphia County Recorder of Deeds on March 22, 2022, as Instrument Number 54004644. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "D."

8. Based upon the Debtor(s)' Chapter 13 Plan (Docket No. 2), the Debtor intends to cure Secured Creditor's pre-petition arrearages within the Plan and is responsible for

maintaining post-petition payments directly to Secured Creditor. A true and correct copy of the Chapter 13 Plan is attached hereto as Exhibit "E."

9. Upon review of internal records, Debtor has failed to make the monthly post-petition payments of principal, interest, and escrow to Secured Creditor in the amount of $683.67 which came due on November 1, 2022, December 1, 2022 and January 1, 2023 respectively.

10. Thus, Debtor'(s) post-petition arrearage totaled the sum of $2,051.01 through January 1, 2023.

11. Upon review of internal records, as of January 10, 2023, the current unpaid principal balance due under the loan documents is approximately $75,916.84. Movant's total claim amount, itemized below, is approximately $114,764.32. See Exhibit "F."

| Principal Balance | $75,916.84 |
|---|---|
| Interest To 1/10/2023 | $20,270.65 |
| Fees | $10,102.11 |
| Funds owed by borrower | $8,474.72 |
| Total to Payoff | $114,764.32 |

12. According to the Debtor'(s) schedules, the value of the property is $141,480.00. A true and accurate copy of the Debtor(s)' Schedule D is attached hereto as Exhibit "G."

13. Shellpoint Mortgage Servicing services the underlying mortgage loan and note for the property referenced in this Motion for (hereinafter, "noteholder") and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court or if this case is dismissed or if the Debtor obtains a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of the noteholder.

14. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

15. As set forth herein, Debtor has defaulted on the secured obligation having failed to make all monthly post-petition installment payments due to Secured Creditor.

16. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

17. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: January 19, 2023

> **Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
> Attorney for Secured Creditor
> 10700 Abbott's Bridge Rd., Suite 170
> Duluth, GA  30097
> Telephone: (470) 321-7112
> By: /s/ Charles G. Wohlrab
> Charles G. Wohlrab, Esquire
> PA Bar Number 314532
> Email: cwohlrab@raslg.com